**RINGLAND–JOHNSON, INC., Petitioner,**

v.

**John T. DUNLOP, Secretary of Labor, United States Department of Labor and the Occupational Safety and Health Review Commission, Respondents.**

No. 76–1687.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1977.

Decided March 23, 1977.

I. John Rossi, Des Moines, Iowa, for petitioner.

William G. Staton, U. S. Dept. of Labor, Washington, D. C., for respondent; William J. Kilberg, Solicitor of Labor, Benjamin W. Mintz, Associate Solicitor for Occupational Safety & Health, Michael H. Levin, Counsel for Appellate Litigation, Allen H. Feldman, Asst. Counsel for Appellate Litigation, Washington, D. C., on brief.

Before MATTHES, Senior Circuit Judge, CLARK, Associate Justice, Retired,* and HEANEY, Circuit Judge.

PER CURIAM.

The appellant, Ringland-Johnson, Inc., a general contractor engaged in business affecting commerce, has filed this petition for review of an Order of the Occupational Safety and Health Review Commission (OSHRC), finding it in violation of the Occupational Safety and Health Act (OSHA). Specifically, Ringland-Johnson was found culpable for: (1) a serious violation of § 5(a)(1) of the Act for maintaining a grid work area on top of a scaffold 19.5 feet above the ground with openings sufficiently large for construction employees to fall through; (2) a non-serious violation of the Act for failing to provide a ladder or equivalent safe access to and from the grid work

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

area on top of the scaffold; and (3) another non-serious violation of the Act for failure to guard the sides of an elevated plank runway.

Our careful review of the record leads us to deny the petition of Ringland-Johnson, Inc., and affirm the Order of the Commission.

█ 1. The evidence is so overwhelming that we see no necessity to undertake a detailed review of it. Ringland-Johnson employees were performing resteel and concrete placement inside a circular concrete silo measuring 45 feet in diameter. The work surface was a grid area formed by placing 2″ x 10″ wooden planks on top of a scaffold structure. Numerous gaps existed in the working surface, many large enough for a man to fall through. As the work area was 19½ feet above ground level, a fall could have resulted in serious injury or death to the employee.

A 10-foot long runway of two 2″ x 10″ planks ran between a scaffold platform outside of the bin and the grid on which the employees were situated inside the bin excavation, again at a height of 19½ feet. There were no guard rails of any kind on either side of this plank runway.

Finally, employees used the horizontal support rungs at the end of the scaffold to ascend and descend to and from the grid area work surface inside the bin. These rungs were spaced at 17″–27″ intervals, and a few of the rungs were but 6″ wide. No ladder of any other kind was present for employee use inside the silo, although there was a stairway on the outside.

Each of the above-described conditions clearly represents a violation of the OSHA,[1] and Ringland-Johnson does not seriously dispute this point. In light of the evidence, we believe that OSCHRC correctly found Ringland-Johnson to be in non-compliance with the Act.

█ 2. Ringland-Johnson next challenges the failure of the citation served

upon them to state the date of the inspection of the premises. However, a Ringland-Johnson representative was with the OSHA official at all times during the inspection, and Ringland-Johnson has failed to allege inadequate notice of the charge or any resulting prejudice. Hence, this claim is wholly without merit.

However, we feel impelled to say that OSHA's slipshod handling of litigation is inexcusable and certainly unbecoming of the Government. We have noticed errors similar to those in this case (failure to date citations, violations citing the wrong regulation, etc.) in nearly every reported case involving OSHA violations. OSHA must straighten up not only its pleading but also its statements as to serious and other than serious violations, i. e., the initial citation should *correctly* state the violation and the regulation purportedly violated, an area much in need of improvement.

The petition of Ringland-Johnson is denied, and the Order of the Commission is affirmed.

It is so ordered.

---

1. The grid work with large gaps violates § 5(a)(1) of the Act; the guardless runway violates 29 C.F.R. § 1926.500(d)(2); and failure to provide an access ladder or equivalent safe access to the scaffold violates 29 C.F.R. § 1926.451(a)(13).